IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF
MARYLAND
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| **PATRICK K. DUNN**, | * | Case No. 18-15937 |
| *Debtor*. | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEBTOR'S RESPONSE TO CREDITOR'S MOTION TO EXTEND TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Patrick K. Dunn ("Debtor" or "Mr. Dunn"), by and through undersigned counsel, hereby files this response to the *Motion to Extend Time to File Complaint to Determine Dischargeability of Debt* filed by Crestwood Technology Group Corp. ("Movant" or "CTG") and, in support thereof, states as follows:

### JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### PARTIES & BACKGROUND

Mr. Dunn is a lifelong Maryland resident who previously worked for Movant CTG, a New York corporation. Shortly after CTG terminated Mr. Dunn's employment in September 2017, CTG filed a complaint against Mr. Dunn in the U.S. District Court for the Southern District of New York, commencing the case styled *Crestwood Technology Group Corp. v. Dunn*, Civil Action No. 17-CV-8283. CTG's Complaint

asserts several civil claims of action against Mr. Dunn, including misappropriation of trade secrets and breach of contract, allegedly resulting from Mr. Dunn's prior employment with CTG.

## PROCEDURAL HISTORY

Mr. Dunn filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, on May 2, 2018, commencing in this Court, Case No. 18-15937. Brian A. Goldman was appointed as the interim Chapter 7 Trustee in Mr. Dunn's bankruptcy case [Dkt. 5]. The Meeting of Creditors was held on June 5, 2018 and an *Order Discharging Debtor* was entered on August 7, 2018 [Dkt. 36]. As of the date of filing this Response, the Debtor's bankruptcy case remains open.

Movant CTG became involved in the Debtor's bankruptcy case over two (2) months ago when it sought relief from the § 362 automatic stay. On or about July 19, 2018, this Court granted CTG's requested relief by entering an *Order Modifying Stay as to Trade Secrets Litigation* [Dkt. 30]. The *Order Modifying Stay* allows Movant CTG to proceed with its pending litigation against the Debtor in the U.S. District Court for the Southern District of New York and specifically states "that enforcement of any money judgment entered in the Trade Secrets Litigation for obligations discharged under 11 U.S.C. § 727 shall be subject to further order of this Court."

Now, on the eve of the deadline for filing a complaint to determine dischargeability in the Mr. Dunn's bankruptcy case, instead of filing a complaint, Movant CTG has chosen to request a ninety (90) day extension.

## ARGUMENT

Movant's requested extension should not be granted because good cause does exist. Movant has demonstrated a lack of diligence in pursuing a nondischargeability complaint against Mr. Dunn despite having adequate notice of the bar date for doing so and its pending litigation against Mr. Dunn in New York may result in collateral estoppel of relevant issues.

An extension is only warranted for good cause shown. Fed. Rules Bankr. Proc. Rules 4004(a) and 4007(c). Cause is evaluated on a case-by-case basis and determined by considering the following nonexclusive factors: (1) whether the movant received sufficient notice of deadline and the information to file complaint; (2) complexity of case; (3) whether the creditor exercised diligence; (4) whether the debtor made a bad faith refusal to cooperate with the creditor; and (5) whether proceedings pending in another forum will result in collateral estoppel of relevant issues. *See In re Chatkhan* 455 B.R. 365, 368 (Bankr. E.D.N.Y. 2011). In the present case, these factors do not provide cause for an extension of time to object to discharge or dischargeability of debt. Furthermore, granting Movant's requested extension would unjustly prevent Mr. Dunn from obtaining a fresh start.

The potential for collateral estoppel is one of the most important factors to consider in the present case, especially since Movant has already obtained relief from the automatic stay as to its pending case against Mr. Dunn in New York. Allowing Movant CTG to have a ninety (90) day extension to file a nondischargeability complaint in Mr. Dunn's bankruptcy case, while actively pursuing its corporate suit against Mr.

Dunn, who is currently acting as a *pro se*, out-of-state and unemployed Defendant, could severely prejudice Mr. Dunn in a future adversary proceeding.  The extension could lead to duplicative litigation—or worse, a trial court judgment that may be given collateral estoppel effect in a subsequent proceeding seeking to except the debt from discharge in this Court.[1]

Good cause for extension is also not warranted because Movant has had more than adequate notice of the bar date.  Movant CTG received notice of the debtor's bankruptcy filing at the onset of the case in May and has been actively involved in the bankruptcy case for over two (2) months since filing its motion for relief in June.  Furthermore, on or about July 6, 2018, this Court, in directing Movant to draft an order modifying stay, specifically noted that any "judgment shall not be enforced except to the extent possible in this case." [Dkt. 29].   Thus, Movant's counsel has also long been aware that it would need to take further legal action in this Court to seek enforcement of any trial court judgment.

It appears that Movant's only excuse for failing to timely file a nondischargeability complaint against Mr. Dunn is related to incomplete discovery requests in the pending trial court case, yet said discovery appears unnecessary for filing a nondischargeability complaint.  Furthermore, said discovery did not prevent Movant from filing its initial complaint in the U.S. District Court for the Southern District of

---

[1] *See e.g., In re McClendon*, 415 B.R. 170 (Bankr. D. Md. 2009) (determining whether default judgment previously entered against Chapter 7 debtors in Maryland state court fraud and breach-of-contract action could not be given collateral estoppel effect in subsequent proceeding to except judgment debt from discharge).

4

New York last year and has not prevented Movant from filing multiple motions containing allegations of fraud in Mr. Dunn's bankruptcy case.

If Movant actually believed it was necessary to conduct additional discovery prior to filing a nondischargeability complaint in this case, Movant could have filed a Rule 2004 motion and/or attended Mr. Dunn's § 341 meeting of creditors. The majority view is that an extension for cause is not warranted where the movant failed to diligently pursue necessary discovery prior to expiration of the deadline. *See e.g., In re Grillo*, 212 B.R. 744, 747 (Bankr.E.D.N.Y.1997) (denying extension where creditor waited until five days prior to the bar date to file a Rule 2004 motion); *In re Farhid*, 171 B.R. 94, 97 (N.D.Cal.1994) (denying extension where creditor failed to attend the meeting of creditors or request any Rule 2004 examination); *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr.S.D.N.Y.1996) (denying extension where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Chatkhan*, 455 B.R. 365, 368 (Bankr. E.D.N.Y. 2011) (denying extension where the only support was the creditor's attendance at the debtor's 341 meeting). Movant's failure to attend Mr. Dunn's § 341 hearing or file a Rule 2004 motion indicates a lack of diligence, which should not be rewarded with an extension.

### DEBTOR'S SPECIFIC RESPONSES TO MOVANT CTG'S ALLEGATIONS

In response to the individually numbered paragraphs contained in CTG's Motion, Mr. Dunn states as follows:

1. Mr. Dunn admits the allegations contained in Paragraph 1 of CTG's Motion.

2. Mr. Dunn admits the allegations contained in Paragraph 2 of CTG's Motion.

3. Mr. Dunn admits the allegations contained in Paragraph 3 of CTG's Motion.

4. Mr. Dunn denies the allegations contained in Paragraph 4 of CTG's Motion.

5. Mr. Dunn denies the allegations contained in Paragraph 5 of CTG's Motion.

6. Mr. Dunn lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of CTG's Motion regarding the date on which CTG learned that he had moved to Maryland and, accordingly, Mr. Dunn neither admits nor denies the same. Mr. Dunn admits that CTG terminated his employment on or about September 21, 2017. Mr. Dunn admits that his son, Scott Dunn, owns Beltway Electronics Company, Inc. Mr. Dunn denies all remaining allegations contained in Paragraph 6 of CTG's Motion.

7. Mr. Dunn denies the allegations contained in Paragraph 7 of CTG's Motion.

8. Mr. Dunn lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of CTG's Motion and, accordingly, Mr. Dunn neither admits nor denies the same.

9. Mr. Dunn admits that he sought bankruptcy protection by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 2, 2018. Mr. Dunn lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of CTG's Motion and, accordingly, Mr. Dunn neither admits nor denies the same.

10. Mr. Dunn admits the allegations contained in Paragraph 10 of CTG's Motion.

11. Mr. Dunn admits the allegations contained in Paragraph 11 of CTG's Motion.

12. Mr. Dunn admits the allegations contained in Paragraph 12 of CTG's Motion.

13. Paragraph 13 of CTG's Motion contains conclusions of law to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 13 of CTG's Motion.

14. Paragraph 14 of CTG's Motion contains conclusions of law to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 14 of CTG's Motion.

15. Paragraph 15 of CTG's Motion contains conclusions of law to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 15 of CTG's Motion.

16. Paragraph 16 of CTG's Motion contains conclusions of law to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 16 of CTG's Motion.

17. Paragraph 17 of CTG's Motion contains conclusions of law to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 17 of CTG's Motion.

18. Mr. Dunn denies the allegations contained in Paragraph 18 of CTG's Motion.

19. Paragraph 19 of CTG's Motion contains Movant's legal argument(s), to

which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 19 of CTG's Motion.

20. Paragraph 20 of CTG's Motion contains Movant's legal argument(s), to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 20 of CTG's Motion.

21. Paragraph 21 of CTG's Motion contains Movant's legal argument(s), to which Mr. Dunn is not required to respond. To the extent a response is required, Mr. Dunn denies the allegations contained in Paragraph 21 of CTG's Motion.

WHEREFORE, the debtor, Patrick K. Dunn, avers that the Movant has failed to meet its burden of proof and thus respectfully requests that this Honorable Court:

A. Deny Movant's *Motion to Extend Time to File Complaint to Deny Dischargeability of Debt*; and/or

B. Grant a hearing on the matter; and/or

C. Grant other relief as is just and equitable.

Dated: August 15, 2018                     Respectfully submitted,

**/s/ Christina L. Thomas**
Christina L. Thomas, Esq., Bar #15234
Robert M. Stahl, Esq., Federal Bar #11537
Law Offices of Robert M. Stahl, LLC
1142 York Road
Lutherville, Maryland 21093
(410) 825-4800/telephone
(410) 825-4880/facsimile
*Debtor's Counsel*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2018 a copy of the foregoing *Response* was sent electronically to all parties registered with the CM/ECF system and, by first class mail, postage prepaid pursuant to Federal Bankruptcy Rule 7004 to:

Mark A. Neal
*Assistant U.S. Trustee*
Office of the U.S. Trustee
101 W. Lombard Street, Room 2650
Baltimore, MD 21201

Brian A. Goldman
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, Md 21093
*Chapter 7 Trustee*

Jeffrey S. Greenberg, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
100 Light Street
Baltimore, MD 21202
jgreenberg@bakerdonelson.com
*Movant's Counsel*

Walter R. Kirkman, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
100 Light Street
Baltimore, MD 21202
jgreenberg@bakerdonelson.com
*Movant's Counsel*

Patrick K. Dunn
22 Goucher Woods Court
Towson, MD 21286
*Debtor*

    /s/ Christina L. Thomas
    **Christina L. Thomas, Esq.**